Slip Op. 19–133

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATIONAL NAIL CORP., <br><br> Plaintiff, <br><br> and <br><br> SHANDONG ORIENTAL CHERRY HARDWARE GROUP CO., LTD., <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Richard K. Eaton, Judge <br><br> Consol. Court No. 16-00052 |

## **JUDGMENT**

Before the court is the United States Department of Commerce's ("Commerce") second remand redetermination ("Remand Results"), ECF No. 87-1, issued pursuant to the court's order in *National Nail Corp. v. United States*, 43 CIT __, Slip Op. 19-71 (June 12, 2019) ("*National Nail II*"). Also before the court are the comments of Plaintiff National Nail Corp., ECF No. 89, and Consolidated Plaintiff Shandong Oriental Cherry Hardware Group Co., Ltd. ("Shandong"), ECF No. 91, and the United States' response to those comments, ECF No. 90.

In *National Nail II*, the court directed Commerce to calculate a separate rate for Shandong in accordance with its instructions. The court ordered:

> (a) with respect to Shandong's factors of production, Commerce shall use the information Shandong reported (i) on a CONNUM-specific basis, and (ii) on a production-group basis, to determine normal value; (b) with respect to Shandong's U.S. sales information, Commerce shall use the information Shandong provided,

> including but not limited to sales data for November and December 2014 and the narrative explanation Shandong provided to tie its sales reconciliation and supporting documentation to its financial statements, in making its comparison of normal value and the price at which the subject merchandise was sold in the United States. With respect to Shandong's unexplained revisions to the August and December 2013 sales quantities, Commerce shall conduct its analysis in accordance with this opinion; and (c) with respect to [Shandong's affiliate,] Jining Dragon's shooting nails, Commerce shall use facts available in filling in missing necessary information, and may draw an adverse inference with respect to information regarding the period of review sales of shooting nails; however, Commerce may not use the deficiencies in Jining Dragon's shooting nails information as a basis for using total adverse facts available.

*National Nail II* at 48. In the Remand Results, Commerce calculated a rate of 61.05 percent for Shandong, in compliance with the court's order. Remand Results at 5. Commerce stated:

> In accordance with the Second Remand Order, and under respectful protest, for these final results of redetermination, Commerce calculated a rate for [Shandong] using the [factors of production] and U.S. sales information it submitted in the underlying review. Commerce also valued [Shandong]'s [factors of production], movement expenses, and financial ratios using surrogate values from the record information in the underlying review. In addition, and consistent with the Second Remand Order, Commerce applied partial [adverse facts available] to the U.S. sales of shooting nails supplied by Jining Dragon. As partial [adverse facts available], Commerce applied the highest transaction-specific assessment rate calculated for [Shandong] to the entries associated with these shooting nails.

Remand Results 4. There being no further dispute in this matter, each of the parties now asks the court to sustain the Remand Results.

Upon consideration of the Remand Results, the parties' submissions, and the papers and proceedings had herein, it is hereby

**ORDERED** that the Remand Results are sustained.

                                                 /s/ Richard K. Eaton
                                                 Richard K. Eaton, Judge

Dated: October 18, 2019
      New York, New York